IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATASHA D. WHITE,

                Plaintiff,                OPINION AND ORDER

  v.

                                          18-cv-988-wmc

AVALON ASSISTED LIVING COMMUNITY,

                Defendant.

---

*Pro se* plaintiff Natasha D. White filed this civil action against her former employer, Avalon Assisted Living Community ("Avalon"), claiming that her termination from Avalon was the product of discrimination and/or retaliation. Having reviewed White's complaint for purposes of screening under 28 U.S.C. § 1915(e)(2), however, the court concludes she will be required to amend her complaint to correct deficiencies described in this order if she wants to proceed with this lawsuit.

OPINION

It is unclear when plaintiff Natasha White began working at Avalon, but she was terminated on August 28, 2017.[1] White alleges that two individuals, Ms. Getchel and Ms. Mathews, violated her rights when they terminated her. When White asked why she was being terminated, Getchell allegedly responded that White had falsified her time sheet and was rude to an employee and a resident of the living community. White believes, however, that she was terminated because she complained to an employee in the corporate office

---

[1] For screening purposes, the court assumes the following facts based on the allegations in plaintiff's complaint, resolving ambiguities and drawing all reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

that Getchel was not paying her properly. White adds that Getchel did not think she would catch that Getchell had shorted her salary because of White's learning disability. These allegations are insufficient to satisfy the requirements of Federal Rule of Civil Procedure 8.

Rule 8 requires "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiff appears to believe that she was retaliated against, uses the word "discrimination" to describe how she was treated, and refers to a disability, which suggests that she may be pursuing discrimination or retaliation claims under Title VII of the Civil Rights Act of 1964 or the Americans with Disabilities Act ("ADA"). Title VII prohibits discrimination in the workplace on the basis of race, color, religion, sex, national origin, sexual orientation or gender identity. *Bostock v. Clayton Cty., Georgia*, -- U.S. --, 140 S. Ct. 1731, 1737 (2020). Title VII also prohibits an employer from retaliating against an employee "on account of [the] employee's having opposed, complained of, or sought remedies for, unlawful workplace discrimination." *University of Texas Sw. Med. Ctr. V. Nassar*, 570 U.S. 338, 342 (2013). To state a discrimination claim under the ADA, a plaintiff must allege that (1) she is disabled within the meaning of the ADA; (2) she is qualified to perform the essential functions of the job either with or without a reasonable

accommodation; and (3) she suffered from an adverse employment action because of his disability. *Nese v. Julian Nordic Construction Co.*, 405 F.3d 638, 641 (7th Cir. 2005).

The pleading requirement for employment discrimination is minimal. *Clark v. Law Office of Terrence Kennedy, Jr.*, 709 F. App'x 826, 828-29 (7th Cir. 2017); *see also Freeman v. Metro. Water Reclamation Dist. of Greater Chi.*, 927 F.3d 961, 965 (7th Cir. 2019) ("to proceed against the District under § 1983 or Title VII, Freeman needed only to allege . . . that the District fired him because of his race"). Nonetheless, plaintiff's allegations do not state a claim, under Title VII or the ADA. Critically, with respect to her retaliation claim, plaintiff has not pled facts suggesting that she engaged in protected conduct that would support such a claim. Instead, as best as the court can discern, she believes she was retaliated against for complaining that her compensation did not match other employees with the same responsibilities, not for voicing concerns about wrongful discrimination by Avalon. As for a potential ADA discrimination claim, although plaintiff notes that she has a disability, she has not alleged facts suggesting that her termination occurred because of her disability; rather, it appears that plaintiff believes that her complaint was the direct cause of her termination, not her disability

Therefore, if plaintiff wants to proceed on her claims in this lawsuit, she will need to file an amended complaint that clarifies the exact nature of the claim (or claims) she wishes to pursue against Avalon and provide the necessary factual underpinnings that she believes supports such a claim. Plaintiff should draft her proposed amended complaint as if she is telling a story to someone who knows nothing about his situation. This means that she should explain: (1) what happened to make her believe she has a legal claim; (2)

when it happened; (3) who did it; (4) why; and (5) how the court can assist her in relation to those events. Plaintiff should set forth her allegations in separate, numbered paragraphs using short and plain statements. After she finishes drafting his amended complaint, she should review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, she should make necessary changes.

## ORDER

IT IS ORDERED that:

1) Plaintiff Natasha White's complaint is DISMISSED without prejudice for failure to meet the requirements of Federal Rule of Civil Procedure 8.

2) Plaintiff may have until **October 12, 2021, to submit an amended complaint that satisfies the requirements of Rule 8. If plaintiff fails to respond by that deadline, then this case will be dismissed with prejudice for failure to state a claim upon which relief can be granted.**

Entered this 20th day of September, 2021.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge